UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES B. HANSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 16-cv-428-JPG
Criminal No. 09-cr-40003-JPG-06

# MEMORANDUM AND ORDER TO SHOW CAUSE

This matter comes before the Court on petitioner James B. Hanson's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Pursuant to Administrative Order 176, counsel was appointed to represent the petitioner because his motion was based on the theory that *Johnson v. United States*, 135 S. Ct. 2551 (2015), applied to the career offender ("CO") sentencing guideline (Doc. 2). Counsel has moved to withdraw on the basis that, in light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), she can make no non-frivolous argument in support of § 2255 relief for Hanson (Doc. 5). The Government has not responded to counsel's motion. Hanson objects to counsel's withdrawal and maintains he is entitled to § 2255 relief under *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243 (2016) (Doc. 8).

**I.    Background**

On December 10, 2009, Hanson pled guilty to one count of conspiracy to manufacture more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). At sentencing on April 15, 2010, the Court found that Hanson was a career offender under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 based on one prior Kentucky

felony residential burglary conviction and one prior Illinois felony drug conviction. Hanson's career offender status established a base offense level of 37. His offense level was reduced by three points under U.S.S.G. § 3E1.1(a) and (b) to 34 because Hanson timely demonstrated acceptance of responsibility for his offense. Considering Hanson's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1 as well as his accumulation of criminal history points, this yielded a sentencing range of 262 to 327 months in prison. The Court imposed a sentence of 262 months and entered a written judgment on April 20, 2010. Hanson appealed his sentence, but on August 25, 2010, the Court of Appeals dismissed the appeal pursuant to Hanson's motion for voluntarily dismissal.

Hanson filed the pending § 2255 motion on April 18, 2016. The Court conducts its preliminary review of his § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and its evaluation of counsel's motion to withdraw at the same time. Because it is plain from the motion and the record of the prior proceedings that Hanson is not entitled to relief based on *Johnson*, the Court will deny his § 2255 motion in that regard for the reasons set forth below. Because counsel was appointed primarily for the purpose of assessing Hanson's prospects for relief under *Johnson*, which, as explained below, are non-existent, the Court will also grant counsel's motion to withdraw (Doc. 5).

However, it appears Hanson has also raised, albeit obliquely, an argument that he is entitled to § 2255 relief based on the theory discussed in *Mathis*. The Court will not dismiss that ground at this time.

## II. § 2255 Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief

2

under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

**III.    Analysis**

    A.    *Johnson*

Hanson filed this § 2255 motion arguing that his due process rights were violated when the Court applied the residual clause of the CO guideline to find his prior residential burglary conviction was a "crime of violence" supporting CO status and increasing his guidelines sentencing range.[1] At the time, the CO guideline stated, in pertinent part, that a prior offense is a crime of violence if it "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" U.S.S.G. § 4B1.2(a)(2) (2009) (enumerated offenses clause is in regular type; residual clause is italicized).

The petitioner's argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the use of the identical residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to increase the statutory sentencing range is unconstitutional. *Id.* at 2563. This is because the vagueness of the clause denies fair notice to a defendant of his

---

[1] It is not at all clear that the Court even relied on the residual clause, as opposed to the enumerated offenses clause, in finding Hanson's prior residential burglary conviction was a crime of violence.

3

potential punishment and invites arbitrary enforcement by judges. *Id.* at 2557. In *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) (*en banc*), the Seventh Circuit Court of Appeals applied the same rationale to hold that use of the CO residual clause to support CO status, thereby increasing the guideline sentencing range, is also unconstitutional. *Id.* at 725.

*Hurlburt*, however, was overruled by *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), which held that sentencing guidelines are not amenable to vagueness challenges. This is because, unlike the statute at issue in *Johnson*, advisory guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.*

Even if the Court had relied on the residual clause to find Hanson's residential burglary conviction was a crime of violence, *Beckles* forecloses the petitioner's argument that he is entitled to § 2255 relief. There was nothing unconstitutional about the Court's using the CO residual clause to find Hanson's prior convictions were crimes of violence supporting CO status. This is because the Court's guideline range findings did not fix the sentencing range but merely guided the Court's discretion within the fixed statutory sentencing range. For this reason, Hanson is not entitled to § 2255 relief.

B.  *Mathis*

In his § 2255 motion, Hanson does not specifically mention *Mathis*, and indeed he could not have; *Mathis* was decided nearly two months after Hanson filed his § 2255 motion. However, within his *Johnson*-based argument, he complains that his prior Kentucky conviction for residential burglary does not qualify as a "crime of violence" for CO guideline purposes "due to the vagueness of the Kentucky Statu[t]e and its multiple meanings." § 2255 Mot. at 4. Liberally construing this argument, the Court finds it states a claim for § 2255 relief based on a

4

*Mathis*-type argument.

The Court believes, however, that Hanson attempts to raise this claim beyond the one-year statute of limitations applicable to § 2255 motions set forth in 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It appears that the applicable one-year period for Hanson is found either in § 2255(f)(1), or (3); he has not asserted any governmental impediment to making a motion or any newly discovered evidence. The Court addresses each of these potential trigger dates in turn.

1. § 2255(f)(1): Date Conviction Became Final

Under § 2255(f)(1), Hanson's conviction became final on November 23, 2010. Where a petitioner does not seek a writ of *certiorari* from the United States Supreme Court, his conviction becomes final for § 2255 purposes when the time expires for filing a petition for *certiorari*. *Clay v. United States*, 537 U.S. 522, 524-25 (2003). The period for filing such a petition expires 90 days after the court of appeals enters the judgment or the order sought to be appealed. S. Ct. R. 13(1) & (3). Thus, Hanson's conviction became final on November 23, 2010, 90 days after the Court of Appeals dismissed his appeal on August 25, 2010. He had one year after that – up to November 23, 2011 – to file this § 2255 motion. His April 2016 § 2255 motion was more than

5

six years too late.

2. § 2255(f)(3): Date Right Initially Recognized by Supreme Court

Hanson may argue that § 2255(f)(3) establishes the date his conviction became final for the purposes of his argument based on the legal theory that governed *Mathis v. United States*, 136 S. Ct. 2243 (2016). He may argue that the Supreme Court's decision in *Mathis*, issued on June 23, 2016, is the starting point for calculating the one-year limitations period because *Mathis* initially recognized a new right that applies retroactively to cases on collateral review. *Mathis*, however, did not recognize a new right.

In *Mathis*, the Supreme Court examined whether an Iowa burglary conviction qualified as a "violent felony" supporting application of the 15-year mandatory minimum statutory sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to a defendant convicted of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g). *Mathis*, 136 S. Ct. at 2247. The ACCA defines "violent felony" to include burglary, 18 U.S.C. § 924(e)(2)(B)(ii), but the Supreme Court has determined that Congress did not intend all burglary convictions to qualify as "violent felonies" for ACCA purposes, *see Taylor v. United States*, 495 U.S. 575, 598 (1990). On the contrary, when Congress used the term "burglary" in the ACCA, it intended to include only crimes with the elements of "generic" burglary: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.*

To determine if a burglary qualifies as a "violent felony" for ACCA purposes, courts use the categorical approach, comparing the elements of a defendant's burglary conviction with the elements of generic burglary. *Mathis*, 136 S. Ct. at 2248. The burglary offense counts only if its elements are the same as or narrower than generic burglary; if the burglary offense covers more

6

than generic burglary, it does not qualify as a "violent felony." *Id.* The actual facts of the underlying conviction are irrelevant. *Id.* So, for example, if a burglary statute criminalizes entering a place – even lawfully – with the intent to steal, that burglary is too broad to count as an ACCA predicate. *Id.* at 2248-49. This is true even if the offender *actually* committed conduct amounting to generic burglary by entering the place unlawfully. *Id.*

Where a statute is divisible, that is, where a single statute lists elements in the alternative, thereby defining multiple crimes, courts may consult a limited class of documents related to the offense to determine which of the multiple crimes a defendant committed. *Id.* at 2249; *Shepard v. United States*, 544 U.S. 13, 26 (2005). This is called the modified categorical approach.

*Mathis* addressed how to consider a criminal statute that is indivisible – that is, that lists various means of committing a single element – where one means of committing the crime qualifies as a generic burglary but another means does not. *Mathis*, 136 S. Ct. at 2249-50. The defendant in *Mathis*, for example, had committed burglary of a structure, but the Iowa offense of his conviction also criminalized burglary of a vehicle. *Id.* at 2250. In finding that the Iowa statute swept more broadly than generic burglary because it covered entry of a vehicle as well as a structure and could therefore not serve as a basis for an ACCA conviction, *Mathis* confirmed that there was no exception to *Taylor*'s categorical approach where the various means of satisfying an element covered more area than generic burglary did. *Id.* at 2251. The actual facts of the offense simply did not matter. In so holding, the Supreme Court found the results were dictated by precedent set forth twenty-five years earlier in *Taylor*:

> *Under our precedents*, that undisputed disparity [between Iowa burglary and generic burglary] resolves this case. *We have often held*, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. *See, e.g., Taylor,* 495 U.S., at 602, 110 S. Ct. 2143. How a given defendant actually perpetrated the crime – what we have referred to as the "underlying brute facts or means" of commission,

7

> *Richardson* [*v. United States*]*,* 526 U.S. [813, 817 (1999)] – makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence. *Those longstanding principles*, and the reasoning that underlies them, apply regardless of whether a statute omits or instead specifies alternative possible means of commission. The itemized construction gives a sentencing court no special warrant to explore the facts of an offense, rather than to determine the crime's elements and compare them with the generic definition.

*Id*. (emphasis added). The Supreme Court further pointed to a line of its post-*Taylor* ACCA cases applying *Taylor*'s point as a "mantra": *Shepard*, 544 U.S. at 19; *James v. United States*, 550 U.S. 192, 214 (2007); *Sykes v. United States*, 564 U.S. 1, 7 (2011); and *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). *Mathis*, 136 S. Ct. at 2251-52. The *Mathis* Court further noted, "Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements." *Id.* at 2257.

The Court is hard-pressed to see how *Mathis*' reiteration of the rule *Taylor* announced in 1990 could constitute initial recognition of a right. *See Gulley v. United States*, No. 17-2122, 2017 WL 2450178, at *4 (C.D. Ill. June 6, 2017) (collecting cases that hold *Mathis* did not state new rule for the purposes of § 2255(f)(3)). "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis in original). *Mathis* itself stated that its result was dictated by *Taylor* and its progeny, so it could not have announced a new rule. *See United States v. Taylor*, 672 F. App'x 860, (10th Cir. 2016) ("Here, the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent. . . . Thus, *Mathis* did not announce a new rule."). Because *Mathis* did not involve a "right newly recognized by the Supreme Court," it cannot trigger the one-year period under § 2255(f)(3) in which a petitioner can file a § 2255 motion asserting that case as a ground

8

for relief.

In light of the foregoing, the Court believes Hanson's claim based on a *Mathis*-like theory is barred by the one-year limitations period set forth in § 2255(f). However, because Hanson was not required to articulate his statute of limitations arguments in his § 2255 motion or in his response to counsel's motion to withdraw, the Court will give him an opportunity to do so now before finally deciding the issue.

## IV.     Conclusion

For the foregoing reasons, the Court:

- **DENIES in part** Hanson's § 2255 motion to the extent it relies on *Johnson* (Doc. 1);

- **GRANTS** counsel's motion to withdraw (Doc. 5);

- **DENIES** Hanson's motion to vacate (Doc. 8), which is really a response to counsel's motion to withdraw; and

- **ORDERS** Hanson to **SHOW CAUSE** on or before September 1, 2017, why the Court should not dismiss his § 2255 motion as untimely under § 2255(f). The Government shall have up to and including September 29, 2017, to reply to Hanson's response to this order. These briefs should only address the statute of limitations arguments.

**IT IS SO ORDERED.**
**DATED:  July 31, 2017**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**