UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES B. HANSON,

          Petitioner,

   v.

UNITED STATES OF AMERICA,

          Respondent.

Civil No. 16-cv-428-JPG
Criminal No. 09-cr-40003-JPG-06

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner James B. Hanson's response to the Court's July 31, 2017, order to show cause (Doc. 10) why it should not dismiss the remaining portion of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) as untimely under § 2255(f). Hanson has responded to the order to show cause (Docs. 12 & 13). He also asks the Court to appoint counsel and to extend his deadline to respond to the Court's show cause order (Doc. 11).

As a preliminary matter, the Court will grant Hanson's motion for an extension of time (Doc. 11) and will deem his responses timely. However, it will deny his request for appointment of counsel (Doc. 11) because, for the reasons explained below, Hanson's § 2255 is untimely, and counsel could make no argument that would have a reasonable chance of convincing the Court otherwise.

On December 10, 2009, Hanson pled guilty to one count of conspiracy to manufacture more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). At sentencing on April 15, 2010, the Court found that Hanson was a career offender under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 based on one prior Kentucky felony third degree residential burglary conviction and one prior Illinois felony drug conviction.

Hanson's career offender status established a base offense level of 37. His offense level was reduced by three points under U.S.S.G. § 3E1.1(a) and (b) to 34 because Hanson timely demonstrated acceptance of responsibility for his offense. Considering Hanson's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1 as well as his accumulation of criminal history points, this yielded a sentencing range of 262 to 327 months in prison. The Court imposed a sentence of 262 months and entered a written judgment on April 20, 2010. Hanson appealed his sentence, but on August 25, 2010, the Court of Appeals dismissed the appeal pursuant to Hanson's motion for voluntarily dismissal. Hanson filed the pending § 2255 motion on April 18, 2016.

In an August 1, 2017, order (Doc. 10), the Court dismissed Hanson's § 2255 motion to the extent it was based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding that *Beckles v. United States*, 137 S. Ct. 886 (2017), precluded such a claim. However, the Court construed Hanson's § 2255 motion to include an argument for relief based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). In that order, the Court ordered Hanson to show cause why his *Mathis*-like argument should not be dismissed as untimely under § 2255(f). The Court noted that it appeared Hanson filed his § 2255 motion beyond the one year period described in 28 U.S.C. § 2255(f). He filed his motion on April 18, 2016, more than seven years after his conviction became final under § 2255(f)(1) on November 23, 2010, the last day he could have filed a petition for a writ of *certiorari*. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); S. Ct. R. 13(1) & (3) (allowing 90 days after a court of appeals judgment or order to file a petition for a writ of *certiorari*). The Court further noted that Hanson's one-year period to file a § 2255 motion did not begin to run anew under § 2255(f)(3) with the Supreme Court's decision in *Mathis*, issued on June 23, 2016, because the Supreme Court did not initially recognize a right in that decision. On

the contrary, it came to a result dictated by its precedent. *Mathis*, 136 S. Ct. at 2251. Nevertheless, the Court gave Hanson an opportunity to show cause why the Court should not dismiss his *Mathis*-like argument in this § 2255 motion as untimely.

In his responses, Hanson does not dispute the Court's conclusions that this § 2255 motion is too late using the triggers for the one-year limitation period set forth in § 2255(f)(1) and (3). Instead, he argues that § 2255(f)(4) provides the appropriate trigger for his *Mathis*-like argument. That provision commences the one-year period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Hanson argues that the newly discovered fact he has found is the district court decision of *United States v. Barnett*, No. 06-CR-71-JMH-1, 2016 WL 3983318 (E.D. Ky. July 25, 2016). In that case, the court held that a Kentucky conviction for third degree burglary does not qualify as a violent felony for the purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *Id.* at *2.

Hanson misunderstands § 2255(f)(4). That provision triggers the one-year limitation period only when a new *fact* is discovered or could have been discovered, not when a new *legal decision* is discovered by a petitioner or when a defendant realizes the legal significance of the facts.[1] *See Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000). Hanson knew or should have known the facts underlying his prior burglary conviction at the time the Court sentenced him in April 2010. That he did not understand their legal significance until he located *Barnett* in 2016 does not revive his one-year limitation period to file a § 2255 motion.

---

[1] *Barnett* was actually issued three months *after* Hanson filed his § 2255 motion, yet Sixth Circuit precedent established as early as 2008 that third degree burglary did not qualify as a violent felony for ACCA purposes. *See United States v. McGovney*, 270 F. App'x 386, 388-89 (6th Cir. 2008).

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing where the Court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *accord Gonzalez v. Thaler*, 565 U.S. 134, 140-141 (2012). Thus, disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial." *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85). The Court finds that reasonable jurists would not find the underlying constitutional claims *and* the procedural rulings in this case debatable. Accordingly, the Court will decline to issue a certificate of appealability.

For the foregoing reasons, the Court:

- **GRANTS in part** and **DENIES in part** Hanson's motion for an extension of time and for appointment of counsel (Doc. 11). The motion is **GRANTED** to the extent it requests an extension of time to respond to the Court's show cause order and **DEEMS** his responses timely. The motion is **DENIED** to the extent it requests appointment of counsel;

- **DENIES in part** Hanson's § 2255 motion to the extent it relies on a *Mathis*-like argument (Doc. 1);

- **DECLINES** to issue a certificate of appealability; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  January 2, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**